<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ARUANNO | : | |
| Plaintiff, | : | Civ. No. 07-3867(DRD) |
| v. | : | **O P I N I O N** |
| MERRILL MAIN, et al. | : | |
| Defendant. | : | |

Joseph Aruanno #363
Northern Regional Unit
Special Treatment Unit
P.O. Box #699
Kearny, New Jersey 07032
    Plaintiff, *Pro Se*

**Debevoise, Senior United States District Judge**

    Plaintiff, Joseph Aruanno, has filed an application to proceed *in forma pauperis* and a complaint.  The affidavit in support of the application discloses that the only asset or income that Plaintiff has is money he has received from his mother on his birthday.  Consequently, an order will be entered permitting Plaintiff to proceed *in forma pauperis*.

    It would appear that Plaintiff is in the custody of the State of New Jersey.  In his civil rights complaint he states that his Place of Present Confinement is NRU/STU, Kearny, N.J.  He gives his address as Northern Regional Unit, Special Treatment Unit, P.O. Box #699, Kearny, New Jersey 07032.  He identifies himself as Inmate No.: 363/SBI #330347B.

    His complaint states under the jurisdiction paragraph "Civilly Committed," and at the bottom of the form entitled "Form to Be Used by a Prisoner Applying to Proceed *in Forma*

*Pauperis*" he has written "Because I am not in prison but in a hospital this does not apply."

Whether Plaintiff is civilly or criminally committed, the court has an obligation to review the complaint to determine if the action is frivolous or malicious or fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1) and to dismiss the action if it falls into either of those categories. The complaint in this action clearly fails to state a claim upon which relief may be granted and may well be malicious.

The named Defendant(s) is (are) Merrill Main, et al. Jurisdiction is asserted pursuant to 42 U.S.C. § 1983. Main is identified as Director of Psychology at NRU/STU, Kearny, New Jersey. In response to the complaint form's questions "How is this person involved in this case?," Plaintiff responds, "Please see attached complaint." In response to the form's question "Second defendant - Name:," Plaintiff responds, "Please see attached statement."

Asked in the form if he had previously "sought informal or formal relief for [from] the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6," Plaintiff checked "Yes." In response to the request that he describe the steps he had taken, Plaintiff responded, "Please see attached statement."

The critical section of the form on page 6 asked Plaintiff to "State here as briefly as possible the facts of your case." The instructions then set forth in great detail the nature of the facts that Plaintiff was required to state. Once again Plaintiff responded, "Please see attached statement." He gave the same answer to the form's request that he "State briefly exactly what you want the Court to do for you." He also indicated that he sought a jury trial.

In his attached application to proceed *in forma pauperis*, Plaintiff wrote:

In retaliation for litigation, in violation of my rights, I am being denied a job

which has lead to Case #07-2056 (DMC), U.S. District Court.

In the *in forma pauperis* application Plaintiff also wrote that the dates of confinement at NRU/STU were "2004-Present." There finally appears the Statement to which reference is so frequently made in the complaint. It reads in its entirety:

STATEMENT IN SUPPORT OF APPLICATION TO PROCEED AS INDIGENT

> I ask this court to proceed with this case in indigent status for the following reasons. Mainly the fact that the defendants have taken my job because I refuse to confess to a crime that I am innocent of orally and in writing in total violation of my 5th Amendment right to remain silent. And in retaliation for the litigation that has lead to they will not give me my job back.
> And though I have no income I still am forced to but certain necessities, which has become a problem, such as clothes and laundry detergent and personal hygienic items such as, toothpaste & toothbrushes, shampoo, deodorant, razors, soap, etc. . .
> I also have outstanding medical bills and credit card bills as well as court fines and fees and other legal expenses such as postage, stationary, envelopes, typewriter ribbons, photocopies, and certain phone expenses, etc. . .
> And in order to eat nutritional food to supplement the small portions they serve here I was forced to buy my own but I cannot do that any longer because I have no income. I also have certain therapeutic expenses which I cannot afford either. But the main reason I am indigent is because I was sent to prison for the first time in my life for a crime I did not commit which has prohibited me from supporting myself.

Accompanying the application to proceed *in forma pauperis* and the complaint was a copy of an October 20, 2006 letter from Plaintiff's pro bono counsel in another case, Aruanno v. N.J. Dept. of Corrections, et al., to the New Jersey United States Attorney. This letter in turn was accompanied by what appears to be a portion of a complaint in still another action.[1] The essence of the complaint is contained in its first three paragraphs:

---

[1] Joseph Aruanno v. Dr. Merrill Main, Director; Ms. Chiapetta, Social Worker; Ms. Tess Kearney, Special Worker; Mr. Kenn Ryan, DHS Commissioner; Mr. George Hayman, DOC Commissioner; Mr. Paul Lagana, Administrator, Gov. Jon Corzine; et al.

> This complaint is about being denied access to my attorneys by being denied access to a phone, mainly to a phone which makes possible private communications with my attorneys.
> After completing a prison sentence for the first time in my life for a crime I did not commit I was civilly committed in retaliation for litigation against the state of NJ.
> Since then the state has gone to great lengths to obstruct justice such as forcing drugs on me, which has lead to the copy of the enclosed criminal complaint to the U.S. Attorney in Newark by an attorney doing civil litigation about the drugs.

The complaint in the present case names as Defendants Merrill Main and "et al." The et al. are never identified, and therefore Main is the sole Defendant. The complaint's only substantive factual allegation is "Please see attached statement." There is no statement attached to the complaint other than the "Statement in Support of Application to Proceed as Indigent" that accompanies the *in forma pauperis* application. That Statement makes no allegations that Merrill Main did anything regarding Plaintiff, much less that he did anything that violated Plaintiff's rights secured by 42 U.S.C. § 1983.

It is clear that the complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to either 28 U.S.C. § 1915(e)(2)(B)(ii) or § 1915A(b)(1). The court will file an appropriate order.

November 20, 2007

                                      **/s/ Dickinson R. Debevoise**
                                      DICKINSON R. DEBEVOISE
                                            U.S.S.D.J.