**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **Joseph Aruanno,** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action No. 07-3867 (DRD)(MAS)** |
| | : | |
| **v.** | : | **OPINION** |
| | : | |
| **Merrill Main, et al** | : | |
| | : | |
| **Defendants.** | : | |

**SHIPP, United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff Joseph Aruanno's Application for Pro Bono Counsel (Docket, Document No. 15.)

Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact and law. Id. at 457-58. If the court determines that the plaintiff's claims have some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses; and

(6) whether the plaintiff can obtain and afford counsel on his own behalf.

Id. (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)). The list of factors identified in Tabron is not exhaustive, but rather serves as a "guidepost" for district courts. Id. at 458.

Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. (citing Tabron, 6 F.3d at 157.)

Analysis of the Tabron factors in this case reveals that appointment of pro bono counsel is appropriate at this time. The Court of Appeals vacated both the District Court's judgment dated November 20, 2007 and its Order of December 6, 2007, denying Plaintiff's motion for reconsideration, and remanded this action for further proceedings. (See Docket, Document Nos. 3, 4.) Chief Judge Garret Brown appointed Pro Bono Counsel for Plaintiff in the past, and Plaintiff stated that he was allegedly denied access to said counsel. (See Docket, Document No. 11.) It is apparent from Plaintiff's Complaint that he is able to articulate his legal claims, which are fairly straightforward. Given the seriousness of the charges, however, factual investigation may be required and may be difficult for the plaintiff to obtain.

This case concerns alleged acts of retribution, denial of employment, and denial of visitation with court appointed attorneys, and will more than likely turn on credibility determinations between the Plaintiff and the prison officials accused of denying him access to legal counsel and access to employment. If true, Defendants' denial of employment to Plaintiff would be an underlying cause of Plaintiff's inability to afford counsel. Although the complaint and application for pro bono counsel do not provide information on whether the case will require the testimony of expert witnesses, it is apparent from Plaintiff's submission that he cannot obtain or afford counsel on his own behalf. Furthermore, Plaintiff continues to be under the supervision and control of the defendants, and the complaint alleges crimes that may prove mentally and physically injurious to Plaintiff.

Accordingly, and for the foregoing reasons, Plaintiff's application for appointment of pro bono counsel is granted.

HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

3