<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>             Plaintiff,<br><br>v.<br><br>MERRILL MAIN, ET. AL.,<br><br>             Defendants. | Civ. No. 07-3867 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

PROSKAUER ROSE, LLP
by: Marvin M. Goldstein, Esq.
Kimberly A. Porcaro, Esq.
One Newark Center
Newark, NJ 07102

 *Attorneys for Plaintiff*

ANNE MILGRAM
Attorney General of New Jersey
by: David L. DaCosta, Deputy Attorney General
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ 08625

 *Attorney for Defendants*

**DEBEVOISE, Senior District Judge**

  Defendants move to dismiss Plaintiff, Joseph Aruanno's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment in their favor pursuant to Fed. R. Civ. P. 56(c). The motion will be granted with leave to file a second amended complaint.

On August 13, 2007, Plaintiff, an inmate at the Adult Diagnosis Treatment Center, Special Treatment Unit in Kearney, New Jersey filed a pro se complaint. The court reviewed the complaint and held that neither the complaint nor the statement in support of his application to proceed in forma pauperis, to which the complaint referred for a recital of the facts upon which he relied, stated a claim upon which relief may be granted. The court dismissed the complaint pursuant to either 28 U.S.C. § 1915 (e)(2)(B)(ii) or §1915 A(b)(1). Upon plaintiff's appeal, the Court of Appeals reversed, finding that the court's failure to consider a letter from a law firm in another case stating that the defendants in that case (including Dr. Merrill Main) had conspired to prevent access to the civil courts, required that the judgment of dismissal be vacated and the case remanded to this court for further proceedings.

Thereafter counsel were appointed to represent Plaintiff. Plaintiff then filed his amended complaint .

## I. Allegations of the Complaint

Plaintiff was involuntarily committed to the Northern Regional Unit of the Adult Diagnostic Treatment Center ("ADTC") Special Treatment Unit ("NRU/STU") pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.4, el seq. (Compl. para. 7).

Defendant, Dr. Merrill Main, was the clinical director of NRU/STU, acting as an employee of the New Jersey Department of Human Services ("DHS") and the State of New Jersey. He was responsible for all committed residents at NRU/STU. (Id., para 7).

Defendant, Cynthia Sweeney, was an administrator of NRU/STU, acting as an employee of DHS and the State of New Jersey. (Id., para 8). Sweeney and Main are sued in their individual and official capacities.

Defendants, Paul Lagana and Grace Rogers, were administrators of NRU/STU, acting as employees of DHS and the State of New Jersey. They were sued in their official capacities. (Id. para 9 and 10).

Defendant, Bernard Goodwin, was an administrator of ADTC, acting as an employee of the New Jersey Department of Corrections ("DOC") and the State of New Jersey. He is sued in his official capacity (Id., para 11).

Defendants, Cathy Bergen, Lilly Chiappetta and Tess Kearney, were social workers for NRU/STU, acting as employees of DHS and the State of New Jersey. They are sued in their individual and official capacities. (Id. para 12, 13, 14).

Defendant George Hayman, was Commissioner of the DOC, which is charged with the operation of NRU/STU, and is acting as an employee of the State of New Jersey. He is sued in his official capacity. (Id., para 15).

Defendant, Kevin Ryan, was Commissioner of DHS, which is formally charged with the administration of NRU/STU and was an employee of the State of New Jersey (Id., para 16).

NRU/STU, where Plaintiff has been involuntarily committed since 2005, is operated jointly by the DOC and DHS, with the DOC responsible for providing treatment of persons committed there. (Id., para 18). NRU/STU contains multiple housing units or wings in which residents are placed, each containing a common area or day room. There are four pay phones in the housing unit, two of which are not and have not been in working order. These phones are located approximately one foot apart and are in high demand among residents. Residents do not have the opportunity to have private conversations on these phones, and N.J.A.C.§10A:18-8.3 permits NRU/STU to monitor and record calls. (Id., para 19).

The complaint recites a number of mechanical and administrative burdens upon the residents' ability to make telephone calls to lawyers and the courts and describes the inadequacy of the phones to allow privileged communications by virtue of their pubic locations, proximity to other telephones and DOC personnel, and the ability of NRU/STU staff to monitor their communications. (Id., para 20,21).

Since early 2007, Plaintiff has submitted in excess of twenty (20) formal requests for administrative remedy of the systematic denial of/and/or interference with his ability to communicate with legal counsel and the courts via telephone. These requests were made via submission of "Special Treatment Unit Request System & Remedy Forms" to NRU/STU personnel. Plaintiff's remedy requests, as well as numerous informal requests to each of the Defendants, have been effectively ignored or denied by Defendants. Defendants have acted willfully to frustrate and interfere with Plaintiff's ability to have private communications with his attorneys and/or the courts. Defendants' conduct in this regard is aimed at retaliating against Plaintiff for/and/or preventing Plaintiff from pursuing litigation that implicates DOC and/or DHS staff in connection with the constitutionality of Plaintiff's commitment or the terms and conditions thereof. (Id., para 22, 23).

Defendants, including Main, Sweeney, Bergen, Kearney and Chiappetta, have since November or December 2007, refused to allow Plaintiff more than one hour of private telephone calls to the court and/or Plaintiff's attorneys each month, and all such calls must take place on the first Monday of each month. If Plaintiff's attorneys are unavailable during that hour, or if such discussion is not completed during that hour, Plaintiff must wait until the following month to speak privately with counsel. Defendants Main, Sweeney, Bergen and Chiappetta have been actively involved in addressing Plaintiff's repeated requests for private legal telephone calls to

4

his attorneys. Each has taken an active role in or has acquiesced with substantial knowledge of either making or implementing a policy which, as applied to Plaintiff, deprives him of his rights of access to the court and to communicate with legal counsel. (Id., para 25, 26).

On or about January 16, 2008, Defendant Main and/or other Defendant(s) scheduled a legal call for Plaintiff from 3:30 p.m. to 4:30 p.m. Despite this appointment, at 3:45 p.m., the call was terminated by DOC staff because of a resident "count" (apparently, a process by which DOC staff ensure that all residents are "accounted for"). On or about March 18, 2008, Plaintiff was informed by Defendant Chiappetta that if Plaintiff participated in an urgent telephone conference with one of his attorneys that week, that Plaintiff would not be allowed to make any legal calls as scheduled on April 1, 2008. Plaintiff was denied the ability to make private legal telephone calls during April of 2008. (Id., para 28, 29, 30).

On May 5, 2008, a member of the DOC staff (Defendant John/Jane Doe #1) abruptly terminated Plaintiff's telephone call to his legal counsel. This telephone call was being monitored by DOC personnel and the call terminated in response to information communicated by Plaintiff regarding the conditions of his confinement. On multiple prior occasions, and continuing to date, various DOC personnel have prematurely interrupted and ended pre-scheduled visits with Plaintiff from legal counsel. In some cases, legal counsel arriving for a scheduled visit have been unable to meet with Plaintiff at all. (Id., para 31,32).

Plaintiff asserts claims against Defendants under 42 U.S.C. §1983, alleging generally that Defendants, acting under color of state law, willfully, knowingly, and with intent deprived him of access to his attorneys and the courts in violation of the First, Sixth, and Fourteenth amendments to the United States Constitution. He further alleges violation of his rights under the New Jersey Constitution.

By way of relief Plaintiff seeks damages, declaratory and injunctive relief, punitive damages and attorneys' fees.

## II. Pending Motions

Initially, Defendant Main alone moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgement. Accompanying the motions were certifications setting forth factual material including the circumstances of Plaintiff's involuntary civil commitment as a sexually violent predator, the telephone access policy and practice at NRU/STU, the telephone access available to Plaintiff at NRU/STU, Plaintiff's numerous opportunities to speak in person with his attorneys, Plaintiff's psychiatric diagnosis, explaining why he has filed more than 25 pro se actions since his commitment in 2004.

The grounds for Dr. Main's motion are 1) that he is entitled to qualified immunity, 2) that the claims against him in a supervisory role are invalid, as a claim may not be asserted under §1983 on the basis of vicarious liability and 3) the claims against him in his official capacity are barred by the doctrine of sovereign immunity. In a supplemental brief necessitated by the filing of the amended complaint, Dr. Main argued that the amended complaint failed to state a claim upon which relief can be granted because it did not allege that Defendants caused him actual injury by depriving him of an opportunity to pursue a non-frivolous claim, either as to his conditions of confinement or otherwise. Dr. Main also argued that the claims under the New Jersey Constitution should be dismissed because a district court may, and normally should, decline to exercise supplemental jurisdiction upon a dismissal of all federal claims. 28 U.S.C. §1367 (c)(3).

At the time Dr. Main's motion to dismiss had been filed, only he had been served. When the other defendants were served, it was agreed that they would join in Dr. Main's motion. Additional briefs were filed. Plaintiff responded to all of the defense briefs and a hearing on the motion was held.

### III. Discussion

As a preliminary matter, it is necessary to address the nature of the motion currently before the court. In support of their contention that Plaintiff's amended complaint does not state a claim upon which relief can be granted, Defendants introduced exhibits and certifications that include information that was not incorporated in the pleadings. Because a motion for summary judgment is totally premature, that material will not be considered. Rather, the court will decide the pending motion on the basis of the allegations in the amended complaint in light of the pleading standard applicable to prisoner claims for denial of access to the courts.

A. Standard of Review

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the allegations of the complaint as true and draw all reasonable inferences in favor of plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F. 3d 198, 215 (3d Cir. 2002).

The Supreme Court clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007). That case abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim

7

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. " In contrast, Bell Atl., 127 S. Ct at 1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the allegations in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary elements," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation." Phillips v. County of Allegheny, 515 F. 3d 224, 234-35 (3d Cir. 2008).

Government officials performing discretionary functions "generally are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlan v. Fitzgerald, 457 U.S. 800, 803-809 (1999). Where a defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Saucier v. Katz, 533 U.S. 194, 199 (2001).

In the instant case ten individuals are named as defendants. Each is entitled to a determination whether he or she is entitled to qualified immunity. In its present form a determination cannot be made because many of the allegations are asserted against the Defendants collectively, and only a few refer to conduct of individual Defendants.

Addressing the qualified immunity issue, the Court must first consider whether the defendant's conduct violated a constitutional right. There is no question that courts have recognized a prisoner's right to access to the courts based on the First Amendment's right to petition and the due process clauses of the Fifth and Fourteenth Amendments, e.g., Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989).

8

In the present case there are a number of defenses, but the only one that need be addressed at this time is the failure of the amended complaint to allege that Defendants' actions caused a constitutional injury to Plaintiff.

In order to state a cognizable claim for denial of access to counsel, a prisoner must "show that the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403 (2002).

> "Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong. However unsettled the basis of the constitutional right of access to the courts, our cases rest on the recognition that this right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Id at 414-415.

Following the Court's logic in Harbury, Plaintiff has not stated a claim for which relief can be granted. The mere allegation that he could not make private telephone calls or that an attorney visit was ended prematurely, is not enough to overcome a motion to dismiss under Fed. R. Civ. P.12(b)(6). In the amended complaint, Plaintiff fails to detail litigation about which he had to speak to his counsel at the time his right to use the telephone was interfered with or at the time his visit with an attorney was curtailed. A plaintiff is required to detail the underlying cause of action.  Plaintiff's brief in opposition to the motion to dismiss does not detail any such action but merely states among other allegations, that "Defendants have historically denied Plaintiff the ability to make private legal calls to his attorneys, and more recently, only allowed Plaintiff one hour of assisted legal calls per month at the convenience of the DHS staff facilitator." ( Pl's Br. in Opp'n of Mot. to Dismiss ¶ 1.)

Additionally, Plaintiff's amended complaint is deficient inasmuch as the allegations contained therein are impermissibly vague.  In the amended complaint, Plaintiff alleges that Defendants Main, Sweeney, Bergen and Chiapetta have taken active roles in depriving him of his

9

rights of access to the courts and to communicate with legal counsel but fails to detail any such activities. In the amended complaint, Plaintiff asserts that his rights are being violated through Defendants' concerted efforts but again fails to specify any actual conduct. It is not enough to allege generally.

Particularly troublesome about Plaintiff's allegations or lack of allegations, are those made against the social workers of the NRU/STU. These lower level employees are named as defendants both in their individual and official capacities. The court does not find allegations of specific wrongdoings by the social workers or allegations that they participated in actions of other persons that violated Plaintiff's federal rights.

## IV. Conclusion

These deficiencies require that the federal claims be dismissed. It follows that the state claims should also be dismissed in accordance with 28 U.S.C. §1367 (c)(3). The amended complaint will be dismissed with the right of Plaintiff to move for leave to file a second amended complaint if he can allege facts that will cure the deficiencies. The court will file an order implementing this opinion.

      *s/ Dickinson R. Debevoise*
      DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: March 19th, 2009