**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH ARUANNO,

                 Plaintiff,     Civ. No. 07-3867 (DRD)

v.     **O P I N I O N**

MERRILL MAIN, ET. AL.,

                 Defendants.

*Appearances by:*

JOSEPH ARUANNO
P.O. Box 699
Kearny, NJ 07032-0699

    *Pro Se Plaintiff,*

ANNE MILGRAM
Attorney General of New Jersey
By:  David L. DaCosta
Keith S. Massey
25 Market Street
P.O. Box 112
Trenton , NJ 08625

    *Attorneys for Defendants.*

**DEBEVOISE, Senior District Judge**

Before the court is a motion by Plaintiff Joseph Aruanno requesting that I recuse myself from the above-captioned case. For the reasons that follow, this motion is denied.

### I.   Background

Mr. Aruanno was involuntarily committed to the Northern Regional Unit of the Adult Diagnostic Treatment Center ("ADTC"), Special Treatment Unit ("NRU/STU"), pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.4, et seq. The NRU/STU is operated jointly by the New Jersey Department of Corrections ("DOC") and the New Jersey Department of Human Services ("DHS"). Defendants are various employees of the NRU/STU, the ADTC, the DOC, and the DHS, and are all sued in their individual and official capacities as employees of the State of New Jersey. Mr. Aruanno is currently a plaintiff in five different lawsuits in this court.[1] In the present matter, Mr. Aruanno alleges that defendants have consistently and unlawfully hindered his access to his attorneys in violation of the First, Sixth and Fourteenth Amendments of the Constitution of the United States, and in violation of the Constitution of New Jersey.

In August 2007, Mr. Aruanno submitted a civil rights complaint and an application to proceed in forma pauperis ("IFP"). By order entered November 27, 2007, this court granted Mr. Aruanno's IFP application but dismissed the complaint on the grounds that it failed to state a claim upon which relief could be granted. By order entered December 7, 2007, this court denied Mr. Aruanno's motion for reconsideration. Mr. Aruanno appealed to the Court of Appeals. The

---

[1] Aruanno v. Booker, et. al., Civil Action No. 2:08-cv-305 (JLL) (D.N.J.); Aruanno v. Goodwin, Civil Action No. 2:07-cv-5205 (KSH) (D.N.J.); Aruanno v. Sweeney, Civil Action No. 2:08-4449 (SDW) (D.N.J.) (currently on appeal to the Court of Appeals); Aruanno v. State of New Jersey, Civil Action No. 2:06-cv-296 (WJM) (D.N.J.); Hasher, et. al., v. Corzine, Civil Action No. 2:01-cv-789 (DMC).

Court of Appeals reversed and remanded, finding that the court failed to consider a letter from a law firm in another case stating that the defendants in the case had conspired to prevent Mr. Aruanno's access to the civil court. On July 25, 2008, defendants filed a motion to dismiss the amended complaint. By order dated July 15, 2008, Magistrate Judge Shipp granted Mr. Aruanno's request for pro bono counsel. On October 9, 2008, Judge Shipp appointed Mr. Aruanno's pro bono counsel. On December 4, 2008, Mr. Aruanno filed an amended complaint. By order dated March 19, 2009, this court dismissed the amended complaint based on insufficient pleadings, with leave to file a second amended complaint. On April 17, 2009, Mr. Aruanno filed a second amended complaint. On May 15, 2009, defendants filed a motion to dismiss the second amended complaint. On July 16, 2009, Mr. Aruanno's three pro bono attorneys filed motions to withdraw as counsel, citing Local Civil Appendix H, 5(a)(iii) or (iv).[2] This court granted the motions. Mr. Aruanno requested that the court appoint him counsel to replace the counsel that withdrew from representing him. I denied that request in a letter dated July 24, 2009, based on a number of factors, including the attorneys' cited reasons for withdrawal, Mr. Aruanno's failure to comment on the attorneys' grounds for withdrawal,[3] and the nature of the issues on the pending motion to dismiss. Furthermore, pro bono counsel had aided Mr. Aruanno in the drafting of the last two iterations of his complaint, including the

---

[2] Appendix H, Guidelines for Pro Bono, states in relevant part: "An appointed attorney may apply to be relieved from appointment, on the following grounds…(iii) a personal incompatibility exists between the attorney and the party, or a substantial disagreement exists between the attorney and the party concerning litigation strategy; or (iv) the attorney believes that the party is proceeding for the purposes of harassment or malicious injury, or that the party's claims or defenses are clearly unsupported by fact, are unwarranted under existing law, or cannot be supported by good faith argument to extend, modify, or reverse existing law.

[3] Mr. Aruanno states in his motion papers that one of the conflicts with his pro bono attorneys was based on their refusal to submit this motion.

version now before the court.  On August 24, 2009, Mr. Aruanno filed the present motion for my recusal.

## II.  Discussion

Mr. Aruanno's motion is based on a six-page document in which he criticizes as "incompetent" and "criminal" the various orders and opinions I have issued in this case.  Mr. Aruanno also offers, as evidence of my alleged bias, the fact that I refused to appoint him counsel after his court-appointed pro bono counsel withdrew.   He closes by threatening to submit ethics complaints against me.

Mr. Aruanno did not cite any specific statute in support of the present motion.  Two federal statutes, 28 U.S.C. §§ 144 and 455(a), are relevant to a motion for recusal.  Section 144 is inapplicable here because Mr. Aruanno failed to file an affidavit or a certificate. [4]

We turn to § 455, which requires recusal whenever a judge's impartiality "might reasonably be questioned."[5]  Accordingly, a judge should recuse himself where "a reasonable [person] knowing all the circumstances would harbor doubts concerning the judge's

---

[4] § 144 provides that:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

[5] §455 provides that:
Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

impartiality." Blanche Road Corp. v. Bensalem Township, 57 F.3d 253, 266 (3d Cir. 1995).  The inquiry focuses not on whether the judge actually harbors subjective bias, but rather on whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias.  In re Antar, 71 F.3d 97, 101 (3d Cir. 1995).

The Court of Appeals applies the extrajudicial source doctrine in § 144 and § 455(a) cases.  Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 167 (3d Cir. 1993).  This doctrine requires that "bias, in order to form the basis for recusal, must stem from a source outside of the official proceedings."  United States v. Bertoli, 40 F.3d 1384 (3d Cir. 1994).  The extrajudicial doctrine is not outcome determinative.  In re Antar, 71 F.3d at 101.  However, prior adverse rulings alone "almost never constitute a valid basis for a bias or partiality motion."  Liteky, 510 U.S. at 555.  Prior rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."  Id.  Mr. Aruanno's displeasure with my rulings does not form a valid basis for recusal.  See Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Furthermore, a party cannot force a judge to recuse himself by making personal attacks on the judge.  Standing Comm. v. Yagman, 55 F.3d 1430, 1443 (9th Cir. 1995); see United States v. Wolfson, 558 F.2d 59, 62 (2d Cir. 1977) (defendant's unfounded charges of misconduct against judge didn't require disqualification because defendant's remarks "only establish[ed his] feelings towards [the judge], not the reverse").  None of the facts alleged by Mr. Aruanno serve as sufficient evidence of my supposed bias against him.

### III. Conclusion

For the foregoing reasons, I deny Mr. Aruanno's motion for my disqualification.  The court will enter an order implementing this opinion.

                                                        s/ Dickinson R. Debevoise  
                                             DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: September 25, 2009